IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG, JOHN DOE, and JANE DOE, | **8:23CV38** |
| Plaintiffs, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, PAUL A. VAUGHN, JAMES KUBE, and MARK JOHNSON, | |
| Defendants. | |

This matter is before the Court on Plaintiff's pro se Complaint filed on January 30, 2023. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska; Judges James Kube and Mark Johnson, who are currently district court judges in Nebraska's Seventh Judicial District; and Paul Vaughan, formerly a district court judge in Nebraska's Seventh Judicial District.[1] Plaintiff's overarching theory seems to be that the individual Defendants deprived Plaintiff of his Seventh Amendment right to a jury trial in several cases Plaintiff previously filed in state court. Specifically, Plaintiff alleges Judge Vaughan improperly transferred Plaintiff's

---

[1] The Court takes judicial notice that Judges Kube and Johnson are current judges in the Seventh Judicial District and Judge Vaughan was formerly a judge in that district. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). The Court also notes that although Plaintiff spells Judge Vaughan's name as "Vaughn," the record shows the correct spelling is "Vaughan." Filing No. 1 at 29. Judges Kube, Johnson, and Vaughan will be referred to collectively in this Memorandum and Order as the "individual Defendants."

divorce case from the district court's common law jurisdiction to the chancery court. Filing No. 1 at 3-4. Although the Complaint alleges only that Judge Vaughan transferred the divorce case, Plaintiff alleges "[a]ll three of these Chancery Court judges acted under color of law denying me my 7th Amendment rights and forced me to have this case in the Chancery side of the District Court." Filing No. 1 at 4.

Plaintiff also alleges he filed several cases against the individual Defendants for "violating my right to a trial by jury." Filing No. 1 at 4. Plaintiff alleges that in each of these lawsuits, he invoked the "common law jurisdictional side" of the district court so he would be entitled to a trial by jury. See Filing No. 1 at 4–5. Plaintiff alleges that Judges Johnson and Kube "took turns" recusing themselves and/or ruling against Plaintiff to deny Plaintiff's right to a jury trial. Filing No. 1 at 4.

Plaintiff also describes statements and holdings from some of his other state court cases. See Filing No. 1 at 7–17. Plaintiff asserts that these statements and holdings support Plaintiff's allegations of the individual Defendants' bias and unconstitutional behavior. See id. Plaintiff alleges he is entitled to monetary damages "for not being allowed to visit his children all because his 7th Amendment rights, 14th Amendment rights, and all other rights provided by the other Amendments that have been clearly violated." Filing No. 1 at 18. Plaintiff seeks $5 million in damages, an order requiring that each of Plaintiff's past cases that were filed or transferred to the chancery court be reheard by a jury.

Plaintiff also alleges that the individual Defendants' behavior is treasonous because violating the rights of individuals gives aid to the deep state or communist China. Filing No. 1 at 17. Accordingly, Plaintiff requests that the Court enter an order preventing

2

the individual Defendants from holding any office in the United States or the State of Nebraska. Filing No. 1 at 18.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff states that he seeks a declaratory judgment under 28 U.S.C. § 2201. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. However, Plaintiff does not seek a declaration of the legal rights or relationship between himself and the Defendants.  Instead, he seeks redress for violations of his constitutional rights in the form of money damages and "an order preventing these persons from holding any office of any sort in the United States."  Filing No. 1 at 2, 18.  A claim for damages resulting from a violation of constitutional rights falls under 42 U.S.C. § 1983, and not the Declaratory Judgment Act.  Accordingly, the Court will construe Plaintiff's claims to be brought under § 1983.

To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Even construed liberally, and for several reasons, Plaintiff has not stated a claim for which relief can be granted.

First, to the extent Plaintiff challenges judgments of the state district court, this Court lacks jurisdiction.  Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state).  In addition, federal courts do not have jurisdiction to review final state court judgments in judicial

4

proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine. It appears some of Plaintiff's Complaint intends to challenge the reasoning underlying state court judgments in several of Plaintiff's previous cases. Under the *Rooker-Feldman* doctrine, the Court has no jurisdiction to reverse or modify those state court judgments.

Second, Plaintiff has not alleged any facts that show his cases were unconstitutionally transferred. Plaintiff's principal claim seems to be that the individual Defendants illegally transferred Plaintiff's state court cases to chancery court, preventing a jury trial. As to Plaintiff's divorce case, under Neb. Rev. Stat. § 42-351, state district courts have jurisdiction over divorce proceedings. In Nebraska, divorce proceedings are equitable in nature, and therefore there is no right to a jury trial in such proceedings. *See Rauch v. Rauch*, 590 N.W.2d 170, 174 (Neb. 1999); *Else v. Else*, 367 N.W.2d 701, 703 (Neb. 1985). Accordingly, there is no merit to Plaintiff's claim that the individual Defendants improperly or illegally transferred his divorce case to deprive him of a jury trial.

Moreover, although Plaintiff made references to other cases in which he was denied a right to a jury trial, the only case specifically identified was his divorce case. None of the allegations alluding to Plaintiff's other cases provide any facts supporting Plaintiff's assertion that the cases were unconstitutionally transferred or illegally heard without a jury. Plaintiff's references to these cases complain of state court orders, *see, e.g.*, Filing No. 1 at 10; characterizations of the Plaintiff's arguments, *see, e.g.*, Filing No.

1 at 11; and accusations that court mishandled evidence, *see e.g.*, Filing No. 1 at 14. As noted above, the Court does not have jurisdiction to review these state court rulings.

Accordingly, the Court concludes that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.[2]  The Court will not give Plaintiff an opportunity to amend his Complaint because it is obvious that amendment would be futile and Plaintiff has attempted to advance nearly identical arguments in previous cases before the Court.  *See Rosberg v. Nebraska*, Case No. 8:17CV80, Filing No. 7 (April 26, 2017).

IT IS THEREFORE ORDERED that:

1.     This action is dismissed with prejudice because Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.

2.     The Court will enter judgment by separate order.


Dated this 24th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[2] The Court notes that Plaintiff's request for monetary relief could be denied for additional reasons, namely that the State and the individual Defendants enjoy immunity from Plaintiff's claim for damages. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are "taken in the complete absence of all jurisdiction." *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997).  Plaintiff's own allegations suggest the individual Defendants acted in their judicial capacity and with jurisdiction.