IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG, JOHN DOE, and JANE DOE, <br><br>Plaintiffs, <br><br>vs. <br><br>STATE OF NEBRASKA, PAUL A. VAUGHN, JAMES KUBE, and MARK JOHNSON, <br><br>Defendants. | 8:23CV38 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Paul A. Rosberg's Motion to Reconsider, Filing No. 8. The Court previously entered a Memorandum and Order, Filing No. 6, that dismissed Plaintiff's Complaint, Filing No. 1. Although styled as a request for declaratory relief under 28 U.S.C. § 2201, Plaintiff's Complaint sought "to get paid a monetary fee for damages and an order preventing [Defendants] from holding any office of any sort in the United States." Filing No. 1 at 2. Because Plaintiff sought damages and an injunction instead of a declaration of legal rights, the Court construed the Complaint as an action for a violation of constitutional rights under 42 U.S.C. § 1983. Filing No. 6 at 4. The Court concluded Plaintiff failed to state a claim and that leave to amend would be futile because Plaintiff had attempted to advance nearly identical arguments in previous cases before the Court. Filing No. 6 at 6 (citing *Rosberg v. Nebraska*, Case No. 8:17CV80, Filing No. 7 (April 26, 2017)).

Plaintiff requests that the Court reconsider its prior Memorandum and Order. The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris*, 193 F.3d

987, 989 (8th Cir. 1999)). "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted).

Fed. R. Civ. P. 59(e) permits the Court to rectify its own mistakes immediately following the entry of judgment. *Norman v. Ark. Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Thus, a Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir.2013).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 121 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Under either standard, Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's Memorandum and

2

Order or Judgment. Plaintiff argues that the Court's prior Memorandum and Order was manifestly erroneous. However, his arguments misunderstand or misapply the law. For example, Plaintiff argues that the Court erred in construing his claim as one for damages under § 1983 rather than a claim for a declaratory judgment. Plaintiff insists that he did not make a claim for damages despite repeatedly requesting damages in his Complaint. *See, e.g.*, Filing No. 1 at 18 ("All these facts and exhibits clearly show that Paul A. Rosberg should be allowed monetary damages . . . .").

Plaintiff also insists that the Court erroneously concluded that the right to a jury trial did not apply to his divorce proceedings. Plaintiff argues the Seventh Amendment applies to divorce cases like his because "[t]here is nothing equitable about any divorce proceeding." Filing No. 8 at 3. However, as stated in the Court's prior Memorandum and Order, divorce proceedings in Nebraska are equitable in nature. See Filing No. 8 at 5. The "Seventh Amendment preserves the right to a jury trial in actions at law, not actions in equity." *Wengert v. Rajendran*, No. 8:15CV366, 2016 WL 827754, at *3 (D. Neb. Mar. 2, 2016) (citing *Tull v. United States*, 481 U.S. 412, 417 (1987)). Plaintiff has not shown that Court's Memorandum and Order or Judgment was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff's motion for reconsideration will be denied.

IT IS THEREFORE ORDERED: Plaintiff Paul A. Rosberg's Motion to Reconsider, Filing No. 8, is denied.

Dated this 29th day of March, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge